# Thomas J. McLaughlin, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 59788.  Promulgated October 31, 1933.

*Robert W. Smith*, Esq., and *J. M. Horn*, Esq., for the petitioner.
*C. H. Curl*, Esq., for the respondent.

OPINION.

ARUNDELL: Petitioner denies fraud, but the main attack upon the assertion of the penalties is that the penalties imposed by section 275 (b) of the Revenue Act of 1926 and section 293 (b) of the Revenue Act of 1928 are an integral part of the deficiency in tax and there is no authority in law for the assertion of such penalties after the basic tax and delinquency penalties have been assessed and collected.

The portions of the revenue acts applicable here are alike and provide as follows:

### ADDITIONS TO THE TAX IN CASE OF DEFICIENCY

SEC. 275. (a) If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, five per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in the same manner as if it were a deficiency * * *.

(b) If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

These provisions, on their face, contain nothing that would require respondent to enforce penalties simultaneously with the assertion of a tax liability or forever after prevent him from asserting a penalty liability. The statute treats the penalties as " additions to the tax " and the only requirement as to enforcement proceedings is that they shall be " assessed, collected, and paid, *in the same manner* " as if they were deficiencies. We have no occasion here to question the statement in *Ely & Walker Dry Goods Co.* v. *United States*, 34 Fed. (2d) 429, that:

The normal tax and the [50 per cent] penalty were constitutent parts of the whole deficiency tax, which under the statute constituted a single liability and not an aggregation of separate items of liability.

Undoubtedly income tax liability for any year constitutes a " single liability ", yet if the taxpayer reports only a portion of it the respondent not only may, but is required by law, to proceed to collect the balance. This is the usual situation giving rise to a deficiency. True, the respondent is prohibited from asserting a deficiency piecemeal, with certain exceptions (sec. 272 (f), Revenue Act of 1928), but that is not involved here, as the only amount claimed is that determined to be due in excess of the amounts " previously assessed (or collected without assessment)." Sec. 273, Revenue Act of 1926; sec. 271, Revenue Act of 1928. So in the present case, if, as contended, the taxes and penalties constitute a " single liability ", the respondent was entirely within his statutory rights in proceeding, through the sending of a deficiency notice, to collect the unpaid portion of the liability.

The question of the sufficiency of respondent's proof—he having the burden—is raised, though not seriously pressed. This consisted solely of an exemplified copy of the record of the United States District Court, showing the indictment of petitioner, his plea of guilty, sentence of the court, and commitment. The record of a plea of guilty in a criminal case and the conviction thereon may be received in evidence in a civil suit arising out of the same matter. Such evidence is not conclusive in the civil proceedings, but is receivable as an admission to be given weight according to the circumstances. Like other admissions, they may be explained and the circumstances given under which they were made, in order to throw light upon the force that should be given to them. *Swan* v. *Philleo*, 190 N. W. 406; *Russ* v. *Good* (Vt.), 102 Atl. 481; *Oregon-Washington R. & Nav. Co.*, 78 Ore. 355; 153 Pac. 470.

In this case petitioner made no attempt to explain in any way the circumstances surrounding his plea and his conviction in the criminal proceeding against him. As this was the only evidence offered, we are constrained to accept it as establishing, sufficiently to support the respondent's burden, the elements necessary to prove " fraud with intent to evade tax."

As stated in the findings of fact, petitioner was indicted for all the years from 1924 to 1929. Counsel for respondent states in his brief that the plea of guilty went to the years 1927, 1928 and 1929, although this does not appear elsewhere in the record. Respondent contends that this is " presumptive evidence " of petitioner's guilt for the earlier years in which income was not reported. Whatever the presumption may be, proof of fraud for one year will not sustain the respondent's burden of proving fraud in another year. We accordingly sustain the fraud penalty only for the years 1927, 1928 and 1929.

The respondent, by appropriate pleading, asks that the 5 percent penalty be asserted in the event that the Board does not sustain the charge of fraud but finds that there was negligence or intentional disregard of rules and regulations. The record contains nothing to support the assertion of a negligence penalty for the years prior to 1927, which are the only years to which this penalty could apply under the pleadings and our holding as to the other years. While petitioner was delinquent in filing returns for the earlier years there is no evidence of the reason for the delinquency. The burden of proof on this point is on the respondent and he has not sustained it.

> *Decision will be entered for the petitioner for the years 1924, 1925 and 1926, and for the respondent for the years 1927, 1928 and 1929.*