**SNELL ISLE, Incorporated, v. COMMIS-SIONER OF INTERNAL REVE-NUE.**

**No. 8279.**

Circuit Court of Appeals, Fifth Circuit.

June 9, 1937.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

Joseph M. Jones, Norman D. Keller, and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson and James W. Morris, Asst. Attys. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and Bruce A. Low, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The Commissioner of Internal Revenue determined deficiencies in income taxes of petitioner for the fiscal years ending April 30, 1926, to April 30, 1929, both inclusive, amounting to $34,894.54. Deeming the returns were fraudulent, he also assessed a penalty of 50 per cent. in addition. Petitioner appealed to the Board of Tax Appeals. The Commissioner answered, affirmatively pleading fraud in the preparation and filing of the returns. The Board found that the Commissioner had not sustained the burden of proving fraud and decided against him on that ground. But the Board also held that petitioner had failed to overcome the presumption in favor of the correctness of the Commissioner's determination of the deficiencies and affirmed the ruling of the Commissioner in that respect.

It appears from the record that when the case was heard before the Board counsel for petitioner insisted that the Commissioner had the burden of proof and should take the lead in putting in his evidence. The member presiding ruled that petitioner had the burden of proof to show there was no deficiency. Counsel for petitioner then moved that the Commissioner be required to proceed with his proof upon the fraud question because petitioner's evidence was in the nature of rebuttal. The motion was overruled. An exception was taken to the ruling, but that is not assigned as error. Petitioner introduced three documents, which are conceded to be immaterial and which we are unable to locate in the record, and rested. The Commissioner then offered photostatic copies of petitioner's income tax returns and the evidence of one witness and rested. Petitioner offered no further evidence. This was all that was before the Board.

Petitioner contends that having assessed penalties for the filing of fraudulent returns, the burden was on the Commissioner not only to show fraud, but also to show

that the returns as made were otherwise not correct, on the ground that the deficiencies determined were based on disallowances of certain items upon which the charge of fraud was also predicated.

The case before the Board presented two questions for decision; one, whether the returns truly reflected the income of petitioner subject to taxation; and, two, whether they were also fraudulently made. It is elementary that a ruling of the Commissioner assessing income taxes is presumed to be correct and a taxpayer disputing the assessment has the burden of overcoming this presumption. This was true as to a finding of fraud by the Commissioner, prior to the adoption of the Revenue Act of 1924, § 907, continued in subsequent acts (26 U.S.C.A. § 612) which puts the burden of proving fraud upon the Commissioner. We are not aware of any reported case construing the statute but, considering the presumption, construction is not difficult.

Before the adoption of the statute, in many cases, overcoming of the presumption of fraud was not a hardship. Necessarily, if the taxpayer was able to prove the correctness of his return, the charge of fraud fell. On the other hand, if the taxpayer failed to adequately support his return, and it was erroneous through ignorance in keeping his records or mistake of law or fact, it was extremely difficult to overcome an arbitrary imposition of penalties for fraud. Clearly it was the intention of Congress to relieve the taxpayer of this burden in cases where there was no actual fraud but the act goes no further. The burden still remains on the taxpayer to overcome the presumption arising from the Commissioner's ruling as to the amount of taxes actually due. Neither the letter nor intention of the act will support the conclusion that the entire burden is cast upon the Commissioner when he determines fraud and assesses a penalty.

Petitioner further contends that when the Commissioner introduced the returns, without limiting the offer to a specific purpose, he was bound by them and, having failed to show fraud as to the specific items, their correctness was proved and petitioner was relieved of the necessity of introducing any evidence at all.

It is the general rule that a party, introducing a document in evidence, is bound by its recitals for all purposes. But this rule does not apply where a document is introduced for the purpose of impeaching it on the ground of fraud. It is usual in offering a document for a specific purpose to limit the offer in some way, but where the issues before the court are clear that is not always necessary. 10 R.C.L. 1089, Evidence (§ 289); Bunce v. Gallagher, 4 Fed. Cas. p. 660, No. 2,133; Remington v. Linthicum, 14 Pet. 84, 10 L.Ed. 364.

It was necessary that the returns be introduced in evidence in order to impeach them for fraud, but it was unnecessary to limit the purpose for which they were introduced by any statement of counsel. The issues were clearly made by the pleadings and by the rulings of the Board before any evidence was introduced. There could have been no mistake as to where the burden of proof rested and as to the issues before the Board. Petitioner was represented by counsel and aware of what was necessary to be proven on its behalf. It cannot escape liability through an unsubstantial technicality.

The petition is denied and the judgment of the Board is affirmed.