**William J. DRIEBORG and Laura D. Drieborg, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**William J. DRIEBORG, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 12276, 12277.**

United States Court of Appeals
Sixth Circuit.

Aug. 29, 1955.

Donald G. Tripp, Detroit, Mich., argued (Robert W. Tripp, Detroit, Mich., on the brief), for petitioners.

S. Dee Hanson, Washington, D. C., argued (H. Brian Holland, Ellis N. Slack, Assts. Atty. Gen., Washington, D. C., on the brief), for respondent.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

The petitioners, husband and wife, are residents of Grand Rapids, Michigan, where, during the years 1941 through 1950, they operated a successful bar and restaurant business. The husband filed individual income tax returns for the years 1941 through 1947, and the petitioners filed joint returns for the years 1948 through 1950.

Finding that the petitioners' books and records did not correctly reflect their income, the respondent Commissioner reconstructed their income for those ten years by use of the increase in net worth method, determined that the petitioners had substantially understated their income for each of the ten years involved and redetermined their taxes accordingly. In addition to the deficiencies in taxes the Commissioner determined that the petitioners were liable for fifty per cent fraud penalties for each year under § 293(b) of the Internal Revenue Code of 1939.[1] The deficiencies and penalties were assessed against the husband alone for the years 1941 through 1947 and against both petitioners for the years 1948 through 1950.

The Tax Court sustained the action of the Commissioner, redetermining the deficiencies in tax and the additions for fraud in an amount slightly higher each year than had been determined by the Commissioner, as a result of amendments to the pleadings in that court.

On this review the petitioners do not take issue with the Tax Court's findings

1. "If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of 50 per centum addition to the tax provided in section 3612(d) (2), 53 Stat. 88." 26 U.S.C.A. § 293(b).

as to the amounts of understated income nor with its consequent determinations of deficiencies in their income taxes, conceding in effect that they failed to sustain their burden of overcoming the presumption of correctness attaching to the Commissioner's determinations. They insist, however, that upon the question of fraud the Commissioner failed to sustain the burden of proof imposed upon him by § 1112 of the Internal Revenue Code of 1939.[2] If the petitioners are correct in this contention, the Tax Court's decisions were erroneous in imposing the fifty per cent fraud penalties and in imposing any deficiencies at all for the years 1941 through 1945, barred, in the absence of fraud, by the five-year statute of limitations contained in § 275(c) of the Internal Revenue Code of 1939.[3]

At the outset it should be emphasized that the failure of the taxpayers to overcome the presumptive correctness of the deficiencies, even though those deficiencies cover a consecutive ten year period, cannot be regarded, in and of itself, as sufficient proof that the deficiencies or any part thereof were due to fraud on the part of the taxpayers. To hold otherwise would be to ignore the statute which imposes on the Commissioner the burden of proving fraud, and the often repeated admonition that such proof must be by clear and convincing evidence. Wiseley v. Commissioner, 6 Cir., 1950, 185 F.2d 263; Rogers v. Commissioner, 6 Cir., 1940, 111 F.2d 987, 989; Mitchell v. Commissioner, 5 Cir., 1941, 118 F.2d 308. There must be additional independent evidence from which fraudulent intent on the part of the taxpayer can be properly inferred. See Rogers v. Commissioner, supra.

That the difference in the burden of proving ordinary tax deficiencies and civil fraud can have important practical results has long been recognized. "As to the issue raised by [the Commissioner's] determination of fraud the burden is upon him; and he may fail to sustain such burden, notwithstanding the determined and presumed error in the return. In other words, both parties may fail through inadequate proof on their several issues, and thus the deficiency would be sustained and the penalty set aside." L. Schepp Co., 1932, 25 B.T.A. 419, 437. "The failure of the taxpayer to overcome the presumptive correctness of the deficiency, as is true in the case at bar, does not create a presumption of fraud. Both parties in a proceeding of this nature may fail through inadequate proof on the several issues." Sol Gross, Para. 49, 254 P-H TC Memo., Docket No. 15004, 10–11–49. See Gus S. Pancol, Para. 53,072 P-H TC Memo., Docket No. 32383, 3–5–53; Max Cohen, 1947, 9 T.C. 1156, 1163; Snell Isle, Inc., v. Commissioner, 5 Cir., 1937, 90 F.2d 481, 482; Bryan v. Commissioner, 5 Cir., 1954, 209 F.2d 822, 825.

The Commissioner in the present case points out, however, that the taxpayers have virtually conceded both in the Tax Court and upon this review that their evidence was insufficient to overcome the presumed correctness of the Commissioner's determinations. We fail to perceive how this rather forthright concession by counsel for the taxpayers relieves the Commissioner of any part of his statutory burden of proof of their fraud. "That the petitioner is not contesting certain adjustments is not an admission of fraud." Estate of Fred Arbogast, Para. 48,047 P-H TC Memo.,

2. "In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner. 53 Stat. 160." 26 U.S.C.A. § 1112.

3. "If the taxpayer omits from gross income an amount properly includible there-

in which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed." 26 U.S.C.A. § 275(c).

Docket No. 11950, 4–6–48. "Failure to contest an adjustment made in determining the deficiency is not proof of fraud. The Commissioner can not sustain his burden of proof on a fraud issue by statements made in his notice of deficiency." Oscar G. Joseph, 1935, 32 B.T.A. 1192, 1204.

■ What has been said should not be construed to mean that a taxpayer's consistent and substantial understatement of income over several consecutive years is not evidence of his fraud. Together with other circumstances in any particular case, such consistent and consecutive understatements of income can be and often are clear and convincing evidence of fraud. Rogers v. Commissioner, supra.

■ For the years 1945 through 1950 we think that the Tax Court was correct in finding that the Commissioner had clearly sustained the burden of proving the petitioners' fraudulent intent. The petitioners' returns for those years, which were in evidence, consistently understated their true income for each year, and the surrounding circumstances clearly lead to the conclusion that these understatements were deliberate and willful. Petitioners' returns were actually prepared by a Mr. McGuire, who had died before the time of the proceedings in the Tax Court. However, the petitioner husband testified that he himself kept such books and records as were kept. These books and records were inaccurate and untruthful, and in some instances had been altered. Yet in some instances the tax returns did not reflect the books and records, either before or after alteration. In view of this evidence, the Tax Court was correct in finding that the petitioner husband furnished McGuire only with the items and amounts that he desired to have shown in his income tax returns, and in finding that the petitioner was not only not ignorant of the large understatements of income, "but was aware of, and responsible for, such understatements" for the years 1945 through 1950. Other circumstances in the record, reviewed in detail in the findings and opinion of the Tax Court, provide ample additional evidence to support the imposition of civil fraud penalties for those years.

■ For the years 1941 through 1944, however, we think the Tax Court was in error in finding that the petitioner husband's returns were false and fraudulent. The Commissioner failed in his proof of any such fact for the simple reason that the returns were not in evidence, nor was there any evidence as to what information the returns contained. The Commissioner showed only that the Collector's records indicated that the petitioner husband had paid certain amounts in taxes for those years. Nowhere in the record is there any evidence of the gross or net income reported, nor of the credits or deductions either claimed by the taxpayer or allowable to him.

■■ The Tax Court disposed of this aspect of the case in the following words: "While it is true that those returns are not in the record, it is also true that the record does not disclose that petitioner requested the respondent to produce them, or that the petitioner offered in evidence copies thereof because of respondent's failure to produce the originals, or that the petitioner offered any proof of the contents of any of the returns. Furthermore, there is nothing in the record to indicate that if the returns or copies thereof had been put in evidence they would support a conclusion that petitioner's income for those years either was not understated in the respective returns or was not understated by the amounts shown by the record as it now stands. In this situation the contention of the petitioner appears to be without merit."

In our view this reasoning completely fails to recognize that the burden of proving all the elements of fraud was upon the Commissioner. While the suspicion may be strong that the petitioner was equally as guilty of fraud in reporting his income for those years as he was for the years for which his returns were

in evidence, to sustain the Tax Court's decision on the basis of mere suspicion would be in clear derogation of the express will of Congress in enacting § 1112 of the Internal Revenue Code of 1939. Davis v. Commissioner, 10 Cir., 1950, 184 F.2d 86, 22 A.L.R.2d 967. "Whatever the presumption may be, proof of fraud for one year will not sustain the respondent's burden of proving fraud in another year." Thomas J. McLaughlin, 1933, 29 B.T.A. 247, 249.

■ There have been but few occasions where this question has arisen, presumably for the reason that ordinarily the Commissioner has in fact offered the taxpayer's returns, or at least sufficient evidence of what they contained, as a recognized necessary part of his case in proving them false or fraudulent. However such expressions as we have found on the subject confirm the necessity of showing what the tax returns contained in order to prove them fraudulent. "It was necessary that the returns be introduced in evidence in order to impeach them for fraud * * *." Snell Isle, Inc., v. Commissioner, 5 Cir., 90 F.2d 481, at page 482. "It is the return itself which is the basis of the imposition of the penalty." Donald B. Semple, Para. 51,263 P-H TC Memo., Docket Nos. 25780 and 25781, 8-28-51.

On at least one occasion the precise question here at issue has been met, and the answer of the Tax Court was in accord with the views expressed in this opinion. "For the years 1927 and 1928 no returns could be produced. Their destruction by respondent in due course undoubtedly was entirely consistent with his authority, but the absence of the returns nevertheless leads to results unfortunate for him. For without them we are unable to ascertain what income petitioner reported or that any of his income was omitted. Even though the tax paid was small, inability to examine the returns precludes the possibility of eliminating from consideration legitimate off-setting deductions in large amounts. Since the burden is upon respondent, we regard the failure to produce the returns as fatal." Kenneth P. Steinreich, Para. 43,538 P-H TC Memo., Docket Nos. 97390-97391, 12-31-43.

The decision of the Tax Court in case Number 12276 is affirmed. The decision of the Tax Court in case Number 12277 is reversed insofar as it is based upon a finding of fraud for the years 1941 to 1944, inclusive, and that case is remanded for further proceedings consistent with this opinion.