Merceda C. Pershall v. Commissioner.
Pershall v. Commissioner
Docket No. 62652.
United States Tax Court
T.C. Memo 1959-138; 1959 Tax Ct. Memo LEXIS 109; 18 T.C.M. (CCH) 612; T.C.M. (RIA) 59138; June 30, 1959
*109 Held: Wife filing joint income tax return with husband is jointly and severally liable for addition to tax for fraud under section 293(b), I.R.C. 1939, as well as deficiency in tax, even though the fraud was solely that of the husband and she did not knowingly participate therein. Held: Fraud proved for 1950 but not proved for 1952. Wilford H. Payne, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined deficiencies in income tax and additions to tax of G. Arthur Pershall and Merceda C. Pershall, husband and wife, as follows: Additions to tax
Sec.
Sec.
Year
Deficiency
293(b)
294(d)
1950
$906.92
$453.46
$60.90
1952
823.11
411.56
52.94
Petitioner, Merceda C. Pershall, alone filed a petition for redetermination in this Court. Her only assignment of error was that "the said claims for said deficiencies (and penalties) should properly be taxes [taxed], and placed, entirely, and solely against this petitioner's husband 'G. Arthur Pershall'." Respondent's answer alleged that the income tax returns for the years 1950 and 1952 were joint returns of petitioner *110 and her husband and were fraudulent and filed with intent to evade tax. Petitioner filed a reply in which she admitted that she signed the returns for both years but did so in good faith believing that they were in all respects true and correct. Petitioner did not appear in Court, either in person or by counsel, when this case was called for trial. Having ascertained that petitioner had been notified that the case was on the trial calendar, the Court granted respondent's motion for judgment for the tax and additions to tax under section 294 (d), I.R.C. 1939. Respondent then proceeded to introduce evidence to carry his burden of proving fraud in support of his claimed additions to tax under section 293 (b), I.R.C. 1939. The only issue is whether respondent has proved that the deficiencies, or any part thereof, for each of the years 1950 and 1952 were due to fraud with intent to evade tax. Findings of Fact Petitioner is an individual residing in Spokane, Washington. She was married to G. Arthur Pershall in 1949 and they resided together as husband and wife during the years 1950 and 1952. Petitioner and her husband filed joint income tax returns for the years 1950 and 1952 with *111 the collector of internal revenue at Tacoma, Washington. Petitioner operated a small beauty shop in Spokane during the years involved and the income from that business was reported on the joint returns mentioned above. Petitioner's husband was an accountant and did work for several firms as well as preparing income tax returns for a number of individuals. His office was in the offices of one of the companies for which he did some work. He had no secretary or anyone else working for him and he maintained no adequate records of his accounting income and expenses. The Pershalls reported gross receipts of $5,580 and net profit of $4,426.32 from the accounting business, and gross receipts of $1,115.73 and net profit of $170.81 from the beauty shop business on their 1950 return. The 1952 return reported accounting salary of $3,300 and other accounting income of $2,780, and beauty shop gross receipts of $730.37 for a net profit of $58.28. Pershall told the revenue agents that he estimated his accounting income for tax purposes. The revenue agents assigned to investigate the returns for the years 1950 through 1954 reconstructed Pershall's accounting income by checking the records of *112 third parties for whom he had done accounting work. The agents discovered from third party records that Pershall received accounting income in excess of that reported on the income tax returns in the amounts of $2,996.70 and $2,136.01 for the years 1950 and 1952, respectively, and, during the year 1950 particularly, from sources that he failed to tell the agents about. The agents also determined that the Pershalls had "other unreported income" in the amount of $2,173.94 in 1950 and $1,206.02 in 1952, consisting of unidentified bank deposits, some minor adjustments to business expense, and unreported interest income of $5.04 in the year 1950. They found no specific evidence of unreported receipts from the beauty shop business for either year, and petitioner told them she knew nothing about her husband's accounting business or income and took no part in the preparation of the returns. The agents also found that Pershall had disguised some of his accounting fees on the clients' books in the year 1950 but could point to no incident of this in the year 1952. During the course of the revenue agents' examination, Pershall bought an automobile under an assumed name and left Spokane without *113 telling his wife where he was going. The agents traced him to Florida and then lost him for a while. He apparently returned to Spokane later because he was indicted for income tax evasion for each of the years 1950 through 1954 in the United States District Court for the Western District of Washington, Southern Division, in August of 1957. He entered a plea of guilty to the first count of the indictment, charging him with filing a false and fraudulent return for the year 1950. He was sentenced to prison for 1 year and a day on this count. There is no evidence as to what happened to the other counts of the indictment. The joint income tax return filed by petitioner and her husband for the year 1950 was false and fraudulent and a part of the deficiency for that year was due to fraud with intent to evade tax. The evidence presented does not prove that any part of the deficiency for the year 1952 was due to fraud with intent to evade tax. Opinion There is no evidence that this petitioner participated in any fraud with intent to evade tax. However, it appears to be well settled that where husband and wife file joint income tax returns, they are jointly and severally liable not only *114 for the deficiency in tax but also for the 50 per cent addition to tax for fraud, even though the fraudulent acts were solely those of only one of the spouses. Kann v. Commissioner, 210 Fed. (2d) 247 (C.A. 3), affirming 18 T.C. 1032, certiorari denied 347 U.S. 967; Boyett v. Commissioner, 204 Fed. (2d) 205 (C.A. 5), affirming a Memorandum Opinion of this Court [10 TCM 23]; Myrna S. Howell, 10 T.C. 859, affirmed per curiam 175 Fed. (2d) 240 (C.A. 6); Dora S. Hughes, 26 T.C. 23. Petitioner admits that she signed the returns and does not claim that they were not joint returns. So if it is established that her husband prepared and filed the returns with fraudulent intent to evade tax, the imposition of the addition to tax for fraud under section 293 (b) against petitioner is mandatory. Myrna S. Howell, supra. The burden rests on respondent to prove by clear and convincing evidence that some part of the deficiency is due to fraud with intent to evade tax. Arlette Coat Co., 14 T.C. 751. We find that respondent has carried this burden with respect to the *115 year 1950 but not with respect to the year 1952. The evidence is that Pershall failed to report in the 1950 return more than one-third of the accounting income he received in that year. Some of the unreported income appears to have been relatively large fees paid to him by individual clients which it is quite unlikely he could have overlooked. There is also evidence that he falsified entries in his clients' books during the year 1950 to disguise his fees and some evidence that he claimed as deductions certain business expenses which he did not actually incur or pay. When confronted with some of this evidence by the agents, he did not deny it but left the city for several years. Upon his return he pleaded guilty to a criminal charge of filing a false and fraudulent income tax return for the year 1950. While the evidence of fraud for the year 1950 is not as detailed as it might be, we think it is sufficient to carry respondent's burden of proof for that year. The omission of over one-third of his accounting income, some of it in relatively large fees, plus his efforts to disguise his fees on some of his clients' records, indicate a plan or scheme on the part of Pershall to evade *116 tax, and his plea of guilty to the criminal charge for 1950 is an admission of that intent. Thomas J. McLaughlin, 29 B.T.A. 247. In the absence of any evidence to the contrary or in explanation of the circumstances surrounding the criminal conviction, we find on the evidence that Pershall filed a fraudulent return for 1950. Bennett E. Meyers, 21 T.C. 331. That being so we must find that at least a part of the deficiency in tax for which petitioner is jointly liable was due to fraud and that she is also jointly liable for the addition to tax for fraud for the year 1950. We think the situation is different for the year 1952. There is no evidence of the omission of specific large fees from the reported income from accounting for that year nor is there evidence that Pershall disguised any of his fees on his clients' records for that year. There is evidence that Pershall was paid about $2,100 more in accounting income than he reported on the return, but we do not think that alone is clear and convincing evidence of intent to evade tax. We have no plea of guilty to criminal fraud for the year 1952 as evidence of admission of intent to evade tax. Furthermore, *117 while the agents investigated the Pershalls' returns for the period 1950 through 1954, we do not have the year 1951 before us. Absent some evidence with respect to the year 1951, we cannot say that a pattern of evasion was established in the year 1950 that was carried through to 1952. Thomas J. McLaughlin, supra.We do not think respondent has proved by clear and convincing evidence that any part of the deficiency for the year 1952 is due to fraud with intent to evade tax and we have so found as an ultimate fact. Decision will be entered under Rule 50.