William Hendrick v. Commissioner.
Hendrick v. Commissioner
Docket No. 82479.
United States Tax Court
T.C. Memo 1961-308; 1961 Tax Ct. Memo LEXIS 39; 20 T.C.M. (CCH) 1586; T.C.M. (RIA) 61308; November 13, 1961
*39 Held, that respondent failed to establish that any part of the deficiencies for the years 1952, 1953, and 1954, was due to fraud with intent to evade tax, within the meaning of section 293(b) of the 1939 Code and section 6653(b) of the 1954 Code. Milton Levin, Esq., for the petitioner. Robert Bevan, Esq., and Samuel T. Reiner, Esq., for the respondent. PIERCE
Memorandum Opinion PIERCE, Judge: The respondent determined deficiencies in income tax, and additions to tax, against petitioner for years and in amounts as follows: 1952
1953
1954
Deficiency
$846.23
$813.49
$759.33
Additions to Tax: Sec. 293(b), I.R.C.
1939
423.12
406.75
Sec. 6653(b), I.R.C.
1954
379.67
Sec. 294(d)(1)(A),
I.R.C. 1939
65.63
55.76
67.32
Sec. 294(d)(2),
I.R.C. 1939
43.75
37.17
44.89
The sole issue presented for decision is one of fact: Whether the petitioner's failure to include in his gross income for the years involved the full amounts of the "tips" which he received as a waiter during said years, was due to fraud with intent to evade tax within the meaning of the applicable statutes (section 293(b) of the Internal Revenue Code of *40 1939, and section 6653(b) of the 1954 Code). All other issues were settled prior to the trial: By petitioner conceding the full amounts of the deficiencies and the additions to tax under section 294(d)(1)(A); and by the respondent abandoning his claim to all the additions to tax determined under section 294(d)(2). The pertinent facts established by the evidence were as follows. Petitioner was a captain of waiters at one of the larger hotels in New York City. He had come to the United States from Vienna, where he had received very little formal education; had obtained employment as a waiter with the above-mentioned hotel; and had thereafter been promoted to a captain of waiters in the hotel's banquet department. It was the practice of the hotel's banquet department during the years involved, to collect tips or gratuities at each banquet which it conducted, in an amount equal to 15 percent of the cost of the food and beverages it served; and then to distribute the amount so collected among the waiters who had worked at such banquet. The method which it employed in making such distribution of "tips" was as follows. One of the principal employees of the banquet department (not the *41 petitioner) kept a book which showed in respect of each banquet conducted: In one column, a list of all the waiters and other employees (including the petitioner) who worked at such banquet; in a parallel column and opposite the name of each listed employee, an amount which said principal employee computed to be such employee's allocated portion of the total tips collected at the banquet; and then another parallel column in which each such employee would, upon being paid his allocated portion of the tips, sign his name to indicate receipt. At periodic intervals, the waiters would be assembled to receive the amounts of the tips allocated to them; and at that time each of the waiters would file past a desk at which the man in charge had the above-mentioned book, would pick up the cash so allotted to him, and would sign the book at the place provided opposite his name for the purpose of acknowledging receipt. This procedure was conducted so informally that many of the waiters' names which were signed to indicate receipt, were "upside down" because of the manner in which the book was presented to them for signature. The petitioner received distributions of tips in this manner during *42 each of the years here involved, but he retained no record of the various amounts which he so received. When the time came for petitioner to prepare his income tax returns for the years involved, he sought the assistance of a man who engaged in the practice of preparing income tax returns for various persons, including several waiters with whom petitioner was acquainted. This man actually was a jeweler, but he prepared income tax returns for a fee of $5 per return. Petitioner advised this man each year as to the amounts of his salary, and also as to the amounts of his contributions, medical expenses, and other items which he believed to be deductible. But petitioner informed said man that he had no record of the amounts of his hotel tips. The man thereupon informed petitioner that he would supply estimated amounts for the tips; and that the amount which he was accustomed to estimate for waiter's tips in respect of other waiters whose returns he prepared, was a percentage of such waiter's salary. This man prepared petitioner's income tax return for each year here involved, using estimated amounts which he supplied for the tips, and also estimated amounts for the deduction of interest *43 on a mortgage. Petitioner in each year then picked up the return so prepared, and signed and filed the same. Petitioner filed his 1952 return with the district director of internal revenue, Lower Manhattan District of New York; and he filed his returns for the years 1953 and 1954 with the district director of internal revenue, Upper Manhattan District of New York. The respondent, upon his audit of petitioner's return for the years involved, determined that the amount of tips reported for each year was substantially understated; and that the amount of the mortgage interest reported and deducted for each year also was understated, to petitioner's disadvantage. Respondent thereupon adjusted the deductions for interest, by allowing an additional deduction for each year; and also, by reason of the understatements of the tips, he issued the notice of deficiency here involved, in which he determined the deficiencies in tax and additions to tax hereinabove stated. As hereinabove mentioned, petitioner prior to the trial, agreed to the amount of all the deficiencies in tax so determined; and he also agreed to all the additions to tax other than those for fraud, which respondent had determined. *44 After the determination of such deficiencies and additions to tax, criminal proceedings were instituted against petitioner in the United States Court for the Southern District of New York, charging him with having willfully attempted to evade and defeat income tax for each of the years 1952, 1953 and 1954 - being the same years as those here involved. Petitioner pleaded guilty to the charge for 1952; and on such plea, he was fined $250 and placed on probation for a period of 6 months. The charges as to the other 2 years, 1953 and 1954, were thereupon dismissed on motion of petitioner's counsel, which was agreed to by Government counsel. Petitioner entered said plea of guilty in order to permit the proceeding to be concluded promptly and with minimum legal expense. After having seen both the petitioner and the man who prepared his income tax returns, and after having heard and weighed the testimony of each of them, and after having given consideration also to all other evidence herein, we conclude and decide that respondent has failed to sustain his burden of proving that any part of the deficiencies involved was due to fraud with intent to evade tax within the meaning of the applicable *45 statutes. Indeed we are convinced that the petitioner had no intention to defraud or evade tax for any of the years here involved. We reject respondent's contention that the plea of guilty which petitioner entered in the United States District Court in respect of the year 1952 is in this Court sufficient proof of civil fraud for said year 1952, or for either 1953 or 1954, the other taxable years here involved. The circumstances surrounding petitioner's entry of said plea were sufficiently and satisfactorily explained during the course of his testimony herein; and the entry of such plea, although it is one of the factors to be considered, is not conclusive here and does not prevent this Court from deciding the present fraud issue on the basis of all the facts and circumstances established by the evidence herein. Thomas J. McLaughlin, 29 B.T.A. 247 (1933). Decision will be entered under Rule 50.