WAYNE F. BARBUTO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barbuto v. Commissioner
Docket No. 15909-80.
United States Tax Court
T.C. Memo 1982-587; 1982 Tax Ct. Memo LEXIS 160; 44 T.C.M. (CCH) 1340; T.C.M. (RIA) 82587; October 5, 1982. Ronald J. Gardner, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in petitioner's income tax and self-employment *161 tax, and additions to tax under section 6653(b) [1] as follows: DEFICIENCY IN
ADDITIONS TO TAX
TAXABLE YEARS ENDING
INCOME AND SELF-EMPLOYMENT
UNDER
DECEMBER 31
TAX
SECTION 6653(b)
1974
$3,035.10
$1,517.55
1975
2,587.55
1,293.78
1976
1,501.97
750.99
By amendment to his answer herein, respondent subsequently abandoned his assertion of additions to tax under section 6653(b), as above, and instead affirmatively alleged that petitioner was liable for additions to tax for the years in question as follows: ADDITIONS TO TAX
ADDITIONS TO TAX
YEAR
SECTION 6651(a)
SECTION 6653(a)
1974
$758.78
$151.76
1975
646.89
129.38
1976
375.49
75.10
Respondent's statutory notice of deficiency was mailed to petitioner on May 21, 1980. At the time of his timely petition herein, petitioner was a resident of West Valley City, Utah. For the calendar years 1974, 1975 and 1976, petitioner sent to the Internal *162 Revenue Service Forms 1040 purporting to be his Federal income tax returns. Petitioner later sent to the Internal Revenue Service Forms 1040X for the calendar years 1975 and 1976, pourporting to be amended individual income tax returns for said years. None of these forms contained any information from which petitioner's income tax liability could be computed. Instead, on the lines where information with respect to petitioner's income and deductions should have been disclosed, petitioner either wrote "under $740", "none", "object: self-incrimination", or by means of a footnote on the form, stated his objection to answering the question on grounds of the 5th Amendment. Certain of the forms also contained additional notations and materials by which petitioner purported to raise various frivolous "tax protestor" arguments against the legality and constitutionality of the Federal income tax and his liability to make returns of income for these years. Upon audit, respondent determined that petitioner's books and records were inadequate for the determination of his correct taxable income, and respondent accordingly determined petitioner's net taxable income, his income tax and self-employment *163 tax through the use of the bank deposits method. Respondent also allowed petitioner one personal exemption and the available standard deduction for each year.
The case was calendared for trial at a trial session of this Court beginning March 1, 1982 at Ogden, Utah. When the case was called for trial on March 2, 1982, petitioner did not appear, either in person or by counsel. [2] With respect to the issues concerning respondent's determined deficiencies of income tax and self-employment tax, therefore, on which petitioner had the burden of proof, Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), petitioner has failed properly to prosecute or to sustain his burden of proof. A decision in favor of the respondent will accordingly be entered in the amounts as determined by respondent's statutory notice. Rule 149; Doncaster v. Commissioner,77 T.C. 334 (1981). There remain for disposition the issues concerning additions to tax for all the years in issue under sections 6651(a) and 6653(a). [3] Petitioner's liability for additions to tax under *164 these sections was first asserted by respondent in his amendment to answer herein, and respondent accordingly has the burden of proof with respect to these issues. Rule 142(a). In relevant part, section 6651(a) provides: (a) Addition to the Tax. - In case of failure - (1) To file any return required under authority of Subchapter A of Chapter 61 * * * on the date prescribed therefor * * *, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *. The relevant portion of section 6653(a) provides: (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income, Gift, or Windfall Profit Taxes. - (1) In General.-If any part of any underpayment * * *165 * of any tax imposed by subtitle A, * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. In support of his burden of proof that petitioner is liable for additions to tax under the above two Code sections, respondent put in evidence the documents lodged by petitioner with the Internal Revenue Service, purporting to be income tax returns and/or amendments thereof, for the years here in issue.It is clear that none of these documents constituted valid returns. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Porth,426 F.2d 519 (10th Cir. 1970); United States v. Daly,481 F.2d 28 (8th Cir. 1973). Having established that petitioner filed no valid returns for the years in issue, respondent presented no further relevant or material evidence. We must accordingly hold that respondent has failed to sustain his necessary burden of proof with respect to the asserted additions to tax under sections 6651(a) and 6653(a). So far as the additions under section 6651(a) are concerned, *166 an essential element of respondent's burden of proof, which is not established in this record, is that petitioner had sufficient gross income to require the filing of a return for one or more of the years in issue, under the provisions of section 6012 as in effect in these years. This matter was specifically placed in issue by petitioner's reply to respondent's amended answer in which petitioner denied that he had gross income as alleged by respondent, and alleged that he was not required to file a return. For the years before us, section 6012 required, atmost, that an individual taxpayer have gross income of at least $750 before being required to file an income tax return, [4] and the evidence offered by respondent gives no indication as to petitioner's gross income for those years. Respondent may not rely upon his own determinations of income in the statutory notice to supply this necessary element of proof, nor upon petitioner's failure to carry his burden of proof with respect to those issues. Respondent's determination is not evidence; nor are unadmitted allegations in pleadings. Rule 143(b); cf. Rockwell v. Commissioner,512 F.2d 882, 885 (9th Cir. 1975), *167 cert. denied 423 U.S. 1015 (1975); Kashat v. Commissioner,229 F.2d 282 (6th Cir. 1956); Drieborg v. Commissioner,225 F.2d 216 (6th Cir. 1955). Absent a showing that petitioner was required to file a return, there can be no additions to tax under section 6651(a) for failing to do so. The situation is the same with respect to the necessary proof which respondent must present in order to sustain his burden of proof with respect to additions to tax under section 6653(a). There is no affirmative evidence in this record that there was an underpayment of tax, or that petitioner's failure to file returns was due to negligence, nor that such books and records which petitioner kept (or did not keep) were done in disregard of rules and regulations concerning *168 required record keeping. See section 6001 and the Treasury regulations thereunder. Cf. Poen v. Commissioner,T.C. Memo. 1979-226, affd. by unpublished opinion (9th Cir. 1981). Respondent is accordingly not sustained in his assertion of additions to tax under sections 6651(a) and 6653(a).
Decision will be entered under Rule 155.
Footnotes
1. All references to sections herein are to the Internal Revenue Code of 1954, as in effect in the years in issue. All references to Rules herein, unless otherwise noted, are to the Tax Court Rules of Practice and Procedure.↩
2. Notification of the trial date and place was served on petitioner by the Court on December 8, 1981.↩
3. As noted above herein, respondent has conceded the issue of additions to tax under section 6653(b), as contained in his original statutory notice.↩
4. For certain classes of individual taxpayers, the threshold amount was even higher; e.g., for certain single individuals, the minimum gross income levels in 1974, 1975 and 1976 were $2,050, $2,350 and $2,450 respectively. Section 6012(a)(1)(A). Although respondent's evidence suggests that petitioner may have qualified to use these higher threshold amounts, we do not decide the point.↩