LARRY ALLEN DILLESHAW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dilleshaw v. Commissioner
Docket No. 10213-85.
United States Tax Court
T.C. Memo 1988-102; 1988 Tax Ct. Memo LEXIS 126; 55 T.C.M. (CCH) 361; T.C.M. (RIA) 88102; March 8, 1988. *126 P filed multiple returns under different names and different Social Security numbers and claimed exemptions to which he was not entitled, thereby claiming larger refunds than he was due for each of the years in issue. Held, R has sustained his burden of proving fraud. Held further, no statute of limitations bars assessment or collection of tax in this case. Section 6501(c)(1), I.R.C.Held further, P is liable for additions to tax under section 6653(b), I.R.C.
Michael T. Breen, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: By notice of deficiency dated January 16, 1985, respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Section 6653(b)(1) [1]
Section 6654
1976
$   766.77
$ 383.39
--
1977
1,930.00
965.00
$ 52.00
1978
391.00
195.00
--
FINDINGS OF FACT None of the facts have been stipulated. Petitioner was a resident of Columbus, Georgia, at the time the petition in this case filed. Petitioner was killed in a motorcycle accident on August 30, 1986, approximately eight months before the trial of this case. No probate proceedings have been instituted by any person with respect to petitioner's estate, and there is no legally appointed representative for petitioner's estate. Petitioner's *128 closest surviving relatives are his mother and his sister. Both were notified of the litigation in this case. No person appeared on behalf of petitioner at trial. Petitioner filed three Federal income tax returns for the taxable year 1976, each of which contained a different Social Security number and included a claim for a refund: one in the name of Larry Allen Dilleshaw which included claims for eight dependent exemptions, one in the name of James R. Dilleshaw and one in the name of John L. Dilleshaw. Petitioner filed three Federal income tax returns for the taxable year 1977, each of which contained a different Social Security number and included a claim for a refund: one in the name of James R. Dilleshaw, one in the names of John L. and Wanda G. Dilleshaw which included claims for two dependent exemptions and one in the names of William J. and Becky A. Gunter which also included claims for two dependent exemptions. Petitioner filed three Federal income tax returns for the taxable year 1978, two of which contained a different Social Security number than the third, each of which included a claim for a refund: one in the name of James R. Dilleshaw, one in the name of Larry Dilleshaw *129 and one in the name of William J. Gunter. Petitioner was convicted after pleading guilty to Count 3 of an indictment by a grand jury for the United States District Court for the Northern District of Texas charging him with violating section 7206(1) by filing a false Federal income tax return for the taxable year 1976 in which he understated his income, included a fraudulent claim for a refund and claimed five dependent exemptions who which he was not entitled. Petitioner worked for two different employers under different names and submitted to his employers different Social Security numbers and filed multiple income tax returns for the taxable years 1976 and 1977 so that he would receive a larger tax refund than he was due. OPINION A petitioner in this Court bears the burden of proving that respondent's deficiency determinations are incorrect. Rule 142(a). Respondent bears the burden of proving fraud. Section 7454(a); Rule 142(b). No proof was presented on petitioner's behalf, and therefore respondent's income tax deficiency determinations are deemed correct. However, respondent's notice of deficiency was mailed to petitioner more than three years after the income *130 tax returns for the years in issue were filed. Accordingly, assessment and collection of the deficiency for each of the years in issue are barred by the statute of limitations unless petitioner filed false or fradulent returns for each year. [2]Section 6501. Respondent maintains that petitioner filed fraudulent returns for each of the years in issue, and therefore assessment and collection of the deficiencies in this case are not barred by the statute of limitations. If respondent sustains his burden of proving fraud, petitioner is also liable for the additions to tax under 6653(b) for the years in issue. Section 6653(b)[3] provides that a taxpayer must pay an addition to tax if any part of the underpayment of tax required to be shown on a return is due to fraud. Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year in issue was due to fraud. Section 7454(a); Rule 142(b). Respondent must establish (1) that petitioner has underpaid his taxes for each year and (2) that some part of the underpayment is *131 due to fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983). In this case respondent has established that petitioner underpaid his taxes for each of the years in issue. Respondent's burden of proving fraud is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved from the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *132 Fraud is not to be presumed. Drieborg v. Commissioner,225 F.2d 216, 218 (6th Cir. 1955); Beaver v. Commissioner,55 T.C. 85, 92 (1970). Because fraud rarely can be established by direct proof of the taxpayer's intention, fraud may be proved by circumstantial evidence. Rowlee v. Commissioner, supra at 1123. Upon consideration of the entire record, we conclude that respondent has sustained his burden of proving fraud by clear and convincing evidence for each of the years in issue. In this case the evidence establishes that petitioner filed multiple returns under different names and different numerical aliases and he claimed exemptions to which he was not entitled with the intent to evade tax for the taxable years 1976 and 1977. For the taxable year 1978, the evidence establishes that petitioner filed multiple returns under different names to different numerical aliases and that he claimed exemptions to which he was not entitled with the intent of evading tax. Petitioner's pattern of filing multiple returns, claiming ficticious dependent exemptions and claiming refunds to which he was not entitled prove petitioner's willful intent *133 to defraud the Government. See Williams v. Commissioner,T.C. Memo 1981-515. Because respondent has sustained his burden of proving fraud for each of the years in issue, the assessment and collection of tax in this case are not barred by the statute of limitations and respondent's determinations of deficiencies and additions to tax must stand. Accordingly, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent has not raised the question of whether the putative returns in question are valid returns. ↩
3. Section 6653(b) as in effect during the years in issue provided in pertinent part: (b) FRAUD. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). * * * ↩