T.C. Memo. 1995-568


UNITED STATES TAX COURT


MARCIA TYRRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10683-91.        Filed November 28, 1995.


Marcia Tyrrell, pro se.

<u>Helen F. Rogers</u>, for respondent.


MEMORANDUM OPINION

HAMBLEN, <u>Chief Judge</u>:  This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Respondent's motion is based on facts deemed admitted pursuant to Rule 90(c).  Petitioner failed to oppose or object to respondent's motion.

Respondent, in her notice of deficiency issued to petitioner, determined the following deficiencies in, and additions to, petitioner's Federal income tax:

| Year | Deficiency | Additions to Tax | | | |
|------|-----------|------------------|---|---|---|
| | | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1) | Sec.6653(b)(1)(B) | Sec. 6661 |
| 1987 | $48,286 | $36,215 | | 1 | $12,072 |
| 1988 | 23,621 | | $17,716 | | 5,905 |

[1]Sec. 6653(b)(1)(B) provides for an addition to tax equal to 50 percent of the interest due under sec. 6601 on the portion of the underpayment attributable to fraud.

After concessions, the issues for adjudication are whether petitioner is liable for: (1) Income tax deficiencies for taxable years 1987 and 1988; (2) additions to tax for substantial understatement of income tax pursuant to section 6661 for taxable years 1987 and 1988; and (3) additions to tax for fraud pursuant to section 6653(b) for taxable years 1987 and 1988.

## Background

Petitioner resided in Beltsville, Maryland, at the time the petition was filed in this case. Respondent determined deficiencies in petitioner's income tax based on petitioner's unreported wages, disallowed deductions, and unreported income from embezzled funds. The petition generally challenges "all items in the deficiency notice".

Respondent's answer denies the substantive allegations of the petition and alleges affirmatively that petitioner is liable for additions to tax pursuant to section 6653(b) for fraud and, in the alternative, for additions to tax pursuant to section

6651(b)(1) for failure to file a timely Federal income tax return.[1]

Respondent filed with the Court and served on petitioner a request for admissions.  Petitioner failed to deny or object to any of the requests for admissions.  By failing to respond, petitioner is deemed to have admitted, pursuant to Rule 90(c),[2] the following facts.

Petitioner was a bookkeeper for Nick's Auto during taxable years 1987 and part of 1988 and for Commander Construction during part of 1988.  Petitioner was also a tax return preparer during the years at issue.  Petitioner was aware of what constituted allowable deductions.

Petitioner failed to report income from her business and embezzlement activities.  Specifically, petitioner failed to report wages from Nick's Auto in the amounts of $11,840 and

---

[1]Although petitioner filed no reply to the answer, respondent did not move that the allegations be deemed admitted, and the allegations in the answer are treated as denied pursuant to Rule 37(c).

[2]The relevant part of Rule 90(c) provides as follows:

Each matter [contained in a written request for admission] is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. * * *

$3,250 for 1987 and 1988, respectively.  In addition, petitioner embezzled $13,975 from her employer, Commander Construction, during 1988.  Subsequently, petitioner made payments in partial restitution to Commander Construction in taxable years 1989, 1990, and 1991.

During the years at issue, petitioner claimed various business expenses, rental expenses, and itemized deductions. Petitioner attached a Schedule A to her 1987 Federal income tax return.  On Schedule A, petitioner claimed unsubstantiated expenses in the amount of $3,460 as itemized deductions in 1987.

Petitioner also attached both Schedules C and E to her 1987 and 1988 Federal income tax returns.  Petitioner operated United Accounting & Management at her residence, 4401 Greenwood in Beltsville, Maryland, during the years at issue.  Petitioner claimed the following amounts as business deductions on Schedule C or rental property deductions on Schedule E:

| Amount | Year | Schedule on which the Amount was Claimed |
|--------|------|------------------------------------------|
| $10,737 | 1988 | Schedule C |
| 1,927 | 1987 | Schedule E |
| 5,593 | 1988 | Schedule E |

All of these expenses were personal and, consequently, not deductible.

Respondent concedes that petitioner is entitled to deduct an additional $209 as a business deduction for 1987 and that petitioner "overreported" her State income tax refund by the

amount of $1,917 for 1988. In total, petitioner did not report income in the amounts of $17,018 and $31,638 on her Federal income tax returns for taxable years 1987 and 1988, respectively. After concessions by respondent, there are deficiencies in petitioner's income tax in the amount of $3,333 for the taxable year 1987 and in the amount of $5,844, including self-employment tax of $1,045, for taxable year 1988.

## Discussion

Respondent bases her motion for summary judgment on the facts conclusively established by the deemed admissions. Petitioner did not respond to the request for admissions or oppose respondent's motion for summary judgment.

A motion for summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); O'Neal v. Commissioner, 102 T.C. 666, 674 (1994); Bond v. Commissioner, 100 T.C. 32, 36 (1993). The moving party, however, bears the burden of establishing that no genuine issue exists as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In deciding whether to grant summary judgment, we consider the factual materials and draw inferences from them

in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, supra at 520; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). A motion for summary judgment may be based upon facts established by deemed admissions. Rule 90(c); Morrison v. Commissioner, 81 T.C. 644, 651-652 (1983).

The party opposing summary judgment may not rest upon the mere allegations or denials in that party's pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d); O'Neal v. Commissioner, supra at 674; Marshall v. Commissioner, 85 T.C. 267, 271 (1985).

For the reasons set forth below, we find that there are no genuine issues of material fact remaining for trial and hold that respondent is entitled to summary judgment.

Issue 1. Tax Deficiencies

The first issue for decision is whether petitioner is liable for the tax deficiencies in the amounts remaining in issue after concessions by respondent. Petitioner's deemed admissions for 1987 establish the following: (1) Petitioner did not report wages from Nick's Auto in the amount of $11,840; (2) petitioner deducted $1,927 in personal expenses as rental property deductions on Schedule E; (3) petitioner deducted $3,460 in unsubstantiated expenses as itemized deductions on Schedule A; and (4) there is a deficiency of $3,333 in petitioner's income tax for taxable year 1987. Similarly, petitioner's deemed admissions for 1988 establish the following: (1) Petitioner did

not report wages from Nick's Auto in the amount of $3,250; (2) petitioner deducted $5,593 in personal expenses as rental property deductions on Schedule E; (3) petitioner deducted $10,737 in personal expenses as business deductions on Schedule C; (4) petitioner did not report income from her embezzlement activities in the amount of $13,975; (5) petitioner did not make payments in restitution until taxable years 1989, 1990, and 1991; and (6) there is a deficiency of $5,844 in petitioner's income tax for taxable year 1988.

The deemed admissions establish the amounts of petitioner's tax deficiencies for the years at issue. Accordingly, we shall grant summary judgment on this issue.

Issue 2.  Substantial Understatement

The next issue for decision is whether petitioner is liable for additions to tax for substantial understatement of her Federal income tax pursuant to section 6661 for taxable years 1987 and 1988.  Section 6661 provides for an addition to tax in the amount of 25 percent of the amount of any underpayment attributable to a substantial understatement of tax.  A substantial understatement exists if the amount of the understatement for the taxable year exceeds the greater of (i) 10 percent of the tax required to be shown on the return, or (ii) $5,000.  Sec. 6661(b)(1)(A).

We observe that, in the deemed admissions, petitioner is deemed to admit the following:

Paragraph 35. The petitioner understated her income tax liability (including self-employment tax) for the taxable years 1987 and 1988 in the amounts of $3,333 and $5,844, respectively.

Paragraph 41. There was a substantial understatement of income tax by petitioner for 1988, and petitioner did not have a reasonable basis or good faith claim in making such an understatement.

We find that petitioner's understatement is not "substantial" within the meaning of section 6661(b)(1)(A) for taxable year 1987; however, it is "substantial" for taxable year 1988.

Section 6661(b)(2)(B) provides that any substantial understatement can be reduced by the portion for which there was substantial authority or adequate disclosure on the tax return. Petitioner has not shown substantial authority supporting the understatements. In addition, the tax returns did not contain any disclosure of petitioner's tax position.

Based on the facts deemed admitted, we hold that petitioner is not liable for the addition to tax under section 6661 for the taxable year 1987; however, she is liable for the addition to tax for taxable year 1988.

<u>Issue 3. Fraud</u>

The final issue is whether we should sustain respondent's determinations of the additions to petitioner's income tax for fraud. Respondent bears the burden of proving petitioner's fraud for each year by clear and convincing evidence. Sec. 7454(a); Rule 142(b). When respondent determines fraud for each of several years, respondent's burden applies separately for each

year.  <u>Drieborg v. Commissioner</u>, 225 F.2d 216, 219-220 (6th Cir.

1955), affg. in part and revg. in part a Memorandum Opinion of

this Court.  With respect to subparagraphs (A) and (B) of section

6653(b)(1),[3] applicable to petitioner's taxable year 1987 and

subsection 6653(b)(1),[4] applicable to petitioner's taxable year

---

[3]Sec. 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742-2743, amended sec. 6653(b) effective for returns the due date of which, determined without regard to extensions, was after December 31, 1986.  Following its amendment, sec. 6653(b) provides in pertinent part:

> (1) In general.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of--
>
>> (A) 75 percent of the portion of the underpayment which is attributable to fraud, and
>>
>> (B) an amount equal to 50 percent of the interest payable under section 6601 with respect to such portion for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax or, if earlier, the date of the payment of the tax.
>
> (2)  Determination of portion attributable to fraud.--If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes is not attributable to fraud.

[4]Sec. 1015(b)(2)(B) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3569, amended sec. 6653(b)(1) effective for returns the due date for which, determined without regard to extensions, is after December

(continued...)

1988, respondent need only prove that <u>some</u> part of each year's underpayment was due to fraud.  Sec. 6653(b)(1).  The burden then shifts to the taxpayer to establish that a portion of the underpayment is not attributable to fraud.  Sec. 6653(b)(2).

Respondent must prove fraud with affirmative evidence for each year; fraud is never imputed or presumed.  <u>Beaver v. Commissioner</u>, 55 T.C. 85, 92 (1970).  In this respect, petitioner's failure to satisfy her burden of proving error does not satisfy respondent's burden of proving fraud.  <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 700 (1989); <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304, 312 (1982).  Nevertheless, when direct evidence is not available, fraud may be established by circumstantial evidence.  <u>Kotmair v. Commissioner</u>, 86 T.C. 1253, 1260 (1986).  It is well settled that fraud may be established through facts deemed admitted under Rule 90.  <u>Marshall v. Commissioner</u>, 85 T.C. 267, 272 (1985); <u>Doncaster v. Commissioner</u>, 77 T.C. 334, 338 (1981).

Courts have developed a nonexclusive list of factors demonstrating fraudulent intent.  These "badges of fraud"

---

[4](...continued)
31, 1988.  Sec. 6653(b)(2) remained the same as under the Tax Reform Act of 1986.  Following its amendment, sec. 6653(b)(1) provides in pertinent part:

> (1)  In general.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.

include:  (1) Understating income, (2) maintaining inadequate records, (3) failing to file tax returns, (4) having implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failing to cooperate with tax authorities, (7) engaging in illegal activity, (7) creating false documents or records, (8) dealing in cash, and (9) overstating deductions. See Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986) affg. T.C. Memo. 1984-601; Meier v. Commissioner, 91 T.C. 273, 297-298 (1988); Estate of Temple v. Commissioner, 67 T.C. 143, 161 (1976).

Petitioner's deemed admissions contain numerous indicia of her fraudulent intent to evade taxation with respect to each of the taxable years in issue.  For example, the facts deemed admitted establish the following:

Paragraph 26.  Petitioner's failure to maintain complete and accurate records of her income-producing activities and her failure to produce complete and accurate records to the respondent in connection with the examination of petitioner's income tax returns for taxable years 1987 and 1988 was fraudulent with the intent to evade tax.

Paragraph 32.  For both 1987 and * * * 1988, petitioner fraudulently and with intent to evade tax deducted personal items as business expenses, deducted items she could not substantiate and claimed expenses that were not ordinary and necessary business expenses pursuant to section 162.

Paragraph 33. During 1987 and 1988, the petitioner engaged in a pattern of conduct which demonstrates that she intentionally and knowingly failed to report substantial income in both years.

Paragraph 36.  Petitioner's failure to report her correct taxable income and her correct tax liability for the taxable years 1987 and 1988 was done fraudulently and with intent to evade tax.

Petitioner's deemed admissions provide clear and convincing evidence that petitioner's entire underpayments for taxable years 1987 and 1988 were due to fraud.  We hold that respondent has satisfied her burden as to the additions to tax for fraud.[5] Accordingly, respondent's motion for summary judgment will be granted with respect to this issue.

<u>An appropriate order and decision</u>

<u>will be entered.</u>

---

[5]Our holding with respect to the additions to tax for fraud under sec. 6653(b) eliminates the need to consider respondent's alternative position with respect to the addition to tax pursuant to sec. 6651(b)(1) for failure to file a timely income tax return for the taxable year 1988.