Clarence D. HAWKINS, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12667.

United States Court of Appeals Sixth Circuit.

June 16, 1956.

James T. Robertson, Louisville, Ky., for petitioner.

Meyer Rothwacks, Washington, D. C., H. Brian Holland, Lee A. Jackson, Washington, D. C., on brief, for respondent.

Before MARTIN and STEWART, Circuit Judges, and STARR, District Judge.

PER CURIAM.

This is a petition to review a decision of the Tax Court which upheld income tax deficiencies and fraud penalties de-

termined by the Commissioner for the years 1942–1945, inclusive, by use of the net worth method of reconstructing the petitioner's net income for those years. The briefs filed on behalf of the petitioner are unfortunately interlarded with much irrelevant invective. It was made to appear upon oral argument, however, that the petitioner is asking us to reverse the Tax Court's decision upon two grounds: (1) that the petitioner's net income for the taxable years was improperly determined because of the failure of the court to include a large sum of cash allegedly belonging to the petitioner at the beginning of the period in question; (2) that the court was in error in determining that a part of the deficiency for each year was due to fraud with intent to evade tax.

The findings of fact of the Tax Court in this case were carefully considered and unusually thorough. T. C. Memo 1955–110. Although the petitioner offered evidence to show that he had a substantial sum of cash on hand on December 31, 1941, we are unable to conclude that the court was in error in holding that the petitioner had failed to overcome the presumption of correctness attaching to the Commissioner's determination, in view of all the circumstances revealed by the record. These circumstances are reviewed in detail in the Tax Court's findings and need not be repeated here. Notably, they include a history of small loans and delinquent payments during the period when the petitioner testified that he had a large sum of cash on hand and was engaged in a program of saving.

The Tax Court's findings and opinion upholding the Commissioner's deficiency determinations for the years in question were not arbitrary, but were based upon substantial evidence. We affirm that part of the Tax Court's decision, in conformity with the principles discussed in Thomas v. Commissioner, 6 Cir., 1955, 223 F.2d 83.

Upon the issue of fraud, however, the Commissioner was armed with no presumption in his favor, but on the contrary had the burden of proof by clear and convincing evidence. That this differing burden of proof in the Tax Court can have an important dispositive effect has been pointed out by this court on at least two recent occasions, Kashat v. Commissioner, 6 Cir., 1956, 229 F.2d 282 and Drieborg v. Commissioner, 6 Cir., 1955, 225 F.2d 216. As was made clear in those cases, the taxpayer's failure to overcome the presumptive correctness of deficiencies in reported income even over a period of consecutive years does not of itself create a presumption of fraud.

[6] It is the opinion of a majority of this court that the Commissioner failed to prove the petitioner's fraudulent intent by that clear and convincing evidence which the law requires, and that the Tax Court's finding as to fraud was therefore clearly erroneous. It follows that the case must be remanded to the Tax Court for recomputation of the deficiencies after eliminating the fraud penalties and for consideration of the petitioner's claim that the assessments for some of the years in question are barred by the statute of limitations. It is so ordered.