**ESTATE OF Patria P. CORUM and Don L. Corum, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13469.

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1958.

Donelson & Adams, Memphis, Tenn., for petitioners.

Charles K. Rice, Nelson P. Rose, Lee A. Jackson, Joseph F. Goetten and John J. McGarvey, Washington, D. C., for respondent.

Before ALLEN, Chief Judge, SIMONS, Circuit Judge, and JONES, District Judge.

PER CURIAM.

This is a petition for review of decisions of the Tax Court (1) that peti-

tioner received income which he failed to report in his returns in the years 1949 and 1950 in the amounts of $2,100 and $24,000, respectively, the sums of checks made payable to and/or endorsed by petitioner which he failed to prove were not paid to him for his own use and benefit, and (2) that the failure to report these amounts was due to fraud with intent to evade taxes. In addition, an understatement of $360 was found in 1946 and another of $770 in 1947, which last has been conceded by the Commissioner.

■ After due consideration the Court concludes that there was sufficient evidence to sustain the decision as to the deficiencies, but that the failure to report this income was not due to fraud with intent to evade tax as this offense is viewed by this Court (see Hawkins v. Commissioner, 6 Cir., 1956, 234 F.2d 359; Kashat v. Commissioner, 6 Cir., 1956, 229 F.2d 282; Dreiborg v. Commissioner, 6 Cir., 1956, 225 F.2d 216.

■ The sums found by the Tax Court to be income represent the gross amounts of checks cashed by him and were found to be gambling winnings. No credit for gambling losses was permitted. While we think that the Commissioner probably was justified in assessing a deficiency in the total amount of these checks, in the absence of substantial countervailing proof by the taxpayer, common knowledge teaches us that by the law of averages the taxpayer, even in a friendly or sociable game, conceivably must have had a substantial measure of losses. This, as we think, very well could have been conceded and credited by the taxing authority on a reasonable percentage basis.

Accordingly, the decisions of the Tax Court are affirmed with respect to deficiencies in the years 1946, 1949 and 1950, reversed as to the findings of fraud, and remanded for correction of the decisions as to the year 1947.