Josef Libor and Ann Libor v. Commissioner.
Libor v. Commissioner
Docket No. 5304-63.
United States Tax Court
T.C. Memo 1965-243; 1965 Tax Ct. Memo LEXIS 87; 24 T.C.M. (CCH) 1248; T.C.M. (RIA) 65243; September 9, 1965
Truman Clare, for the petitioner Ronald M. Frykberg, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1962 in the amount of $2,173.90. The principal issue as to whether the petitioners' plan to demolish a service station building was formed after its acquisition has been conceded by respondent in his original brief. Thus a deductible loss was sustained. The only remaining issue is what part of the total purchase price of $12,000 is properly allocable to the building. Findings of Fact Some of the facts have been stipulated and are so found. The petitioners, Josef and Ann Libor, are husband and wife. They reside in *88 Omaha, Nebraska. For the year 1962 they filed their joint Federal income tax return with the district director of internal revenue in Omaha. On May 11, 1961, the petitioners purchased for $12,000 a parcel of real estate known as 1401 South 13th Street, Omaha, Nebraksa, situated on the southeast corner of 13th and Williams Streets. A gasoline service station, which had been operated for several years, was located on the property. The realty was 50 feet by 150 feet, or 7,500 square feet. The service station occupied about 600 square feet. It was a small, one-story building constructed sometime before 1937. As a service station facility, it was inadequate for satisfactory present day operation. The purchase agreement of May 11, 1961, showed a cost of $10,000 for the service station building and $2,000 for the land. The records of the County Assessor for Douglas County, Nebraska, show for the years 1961 and 1962 that the land had an assessed valuation of $5,000 and the improvements had an assessed valuation of $5,000. The improvement allocation was 50 percent of the total actual assessed value of the property. In July 1962 petitioners had the service station building demolished *89 and then used all the property as a parking lot. In their Federal income tax return for 1962 the petitioners claimed a loss of $9,333.36 for the demolition. In their 1961 Federal income tax return the petitioners claimed a deduction for depreciation in the amount of $666.64 with respect to the service station building. Ultimate Findings The amount of $6,000 is allocable to the cost of the service station building. The adjusted basis of the building in 1962 was $5,333.36 and petitioners are entitled to a demolition loss in that amount. Opinion Only the amount of the demolition loss deductible under section 165(a), Internal Revenue Code of 1954, is in dispute. Petitioners have the burden of proof. Estate of Peter Finder, 37 T.C. 411 (1961). Petitioners' counsel conceded in his opening statement that the $10,000 allocation to the building in the purchase agreement of May 11, 1961, was not proper. Petitioners now contend, on the basis of the opinion of their expert witness, that $8,000 should be allocated to the cost of the building. Respondent takes the position that not more than $6,000 of the total purchase price is allocable to the cost *90 of the building. We agree with respondent as our ultimate findings of fact reflect. It is our view that the only persuasive evidence in this record for determining a reasonable and proper allocation of value between the building and the land is provided by the actual assessed valuations of the Assessor for Douglas County. Such valuations have been recognized by this Court in determining the relative value of land and improvements. Hawkins v. Commissioner, 234 F. 2d 359 (C.A. 6, 1956), affirming a Memorandum Opinion of this Court on this issue; and 2554-58 Creston Corp., 40 T.C. 932, 940 (1963). Petitioners rely entirely on the testimony of their expert witness, a real estate salesman and appraiser, to establish a value of $8,000 for the building at the time of its purchase by petitioners in May 1961. Such reliance is misplaced. The witness made his appraisal in September 1964. Since there was no building on the property at that time, he considered only the value of the land. We think his testimony was general and vague. In fact, his opinion was simply that the fair market value of the land "could be $4,000 on that corner." An expert opinion of such an indefinite character *91 is virtually worthless as evidence of value. We give it no weight. Accordingly, we hold that the amount of the loss to which petitioners are entitled is $5,333.36 ($6,000 less depreciation of $666.64 claimed and allowed in petitioners' 1961 income tax return). To reflect this conclusion. Decision will be entered under Rule 50.