DONALD H. ALLEN AND PEGGY P. ALLEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 16567-79.
United States Tax Court
T.C. Memo 1982-93; 1982 Tax Ct. Memo LEXIS 648; 43 T.C.M. (CCH) 620; T.C.M. (RIA) 82093; February 23, 1982. *648 Despite warnings from the Court, petitioners intransigently refused to furnish organized documentation of multi-deductions claimed, preferring to rely on attacks on the constitutionality of acts of the Court and respondent. Held, some rental and business deductions allowed. Donald H. Allen and Peggy P. Allen, pro se. Ivan A. Gomez, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notice dated October 2, 1979 respondent determined a deficiency of $ 4,234 in petitioners' Federal income tax and an addition to tax of $ 212 under section 6653(a), I.R.C. 1954, for the taxable year 1977. After concessions, the issues for decision are (1) whether petitioners understated their rental income by $ 4,350, (2) whether petitioners are entitled to deductions taken for rental expenses in the amount of $ 3,878, [1] rental depreciation in the amount of $ 2,179, schedule C writing expenses in the amount of $ 2,992 and schedule C sales expenses in the amount of $ 675, (3) whether petitioners are subject to self-employment axes, and (4) whether petitioners are liable for an addition to tax for negligence or intentional disregard of the rules and regulations *649 within the meaning of section 6653(a). Petitioners Donald H. Allen and Peggy P. Allen resided in Fort Lauderdale, Florida at the time of filing the petition herein. Petitioners filed a Federal income tax return for the taxable year 1977 with the Office of the Director, Internal Revenue Service, Chamblee, Georgia. Petitioners owned an 8-room house that had been purchased by them in 1973. During the 1977 taxable year, petitioners held out three of these rooms for rental purposes. 1. Rental Income
Petitioners reported rental income of $ 2,850 in their 1977 Federal income tax return. However, no records were maintained indicating the precise amounts received and their time of receipt. The total rental income received by petitioners in 1977 is now incapable of being computed since petitioners insisted that all rent be paid in cash and since they refrained from depositing such payments into checking or savings accounts. Petitioner Mrs. *650 Allen stated that the rooms were not occupied continuously throughout the year. Respondent, in his notice of deficiency, determined that petitioners received $ 7,200 in rental income during the 1977 taxable year. This was based on the assumption that petitioners received $ 200 per month per room for the entire 12 months of the year.
Petitioners bear the burden of proving that the rental income as determined by respondent is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners either chose to ignore or failed to comprehend the significance of their burden. Their ill-conceived attack on respondent's determination included a Motion for Jury Trial, a Motion for Continuance, 40 interrogatories and a fiery brief which quoted the likes of McCulloch v. Maryland, the Congressional Record, John Marshall and Justice Frankfurter, and cited a large number of Supreme Court and lower court decisions in support of their claim that they were unconstitutionally "hit-listed" by the IRS in an alleged conspiracy to smash the middle class. The brief also exhaustively explored the constitutionality of the many steps leading up to and *651 including this proceeding. Petitioners' research was no doubt time consuming and impassioned. It was also wasted. If petitioners had spent less time denouncing the IRS and more time endeavoring to understand the nature of this case and the duties of this Court, they might have prevailed. Petitioners offered very little evidence in support of their income figure. They offered no evidence with respect to the amount of rental income received per room per month and the length of time each room was occupied during the year. We were told nothing about the location of petitioners' property or the type of neighborhood in which it was located. Petitioners' attitude was that respondent had unconstitutionally abridged their rights and that he had to justify his determination. This was true throughout the trial. Petitioners simply refused to confront the substantive tax issues in the case despite the frequent pleas of the Court. Nevertheless, we find respondent's determination to be somewhat excessive. We brlieve petitioner Mrs. Allen's statement that the three rooms were not occupied continuously throughout the year to be credible. Accordingly, using our best judgment and bearing *652 heavily against petitioners' inexactitude, we find that each room was vacant for 1 month during the 1977 taxable year. Therefore, respondent's determination is reduced by $ 600 (3 X $ 200) to $ 6,600. [2]
2. Business Deductions
In connection with their rental activities, petitioners claimed deductions of $ 2,179 for rental depreciation and $ 4,658 for other rental expenses. Additionally, petitioners deducted schedule C writing expenses in the amount of $ 5,178 and schedule C sales expenses in the amount of $ 822. During trial, petitioners submitted into evidence a large number of copies of cancelled checks, expense sheets and other documents. For the most part, this evidence was disorganized and uncategorized. This Court made numerous attempts to persuade petitioners to sort through and explain the documents. However, petitioners steadfastly *653 ignored the Court's advice. A. Rental Expense Deductions
Accompanying petitioners' 1977 tax return was a statement of rental income and deductions. Petitioners took deductions for rental expenses as follows: Partly
Fully
Deductible [3]
Deductible
Insurance
$ 280
Property Tax
565
Interest
3,683
Pest Control
20
Electric Utility
887
Water
222
Pool Maintenance
289
Roof Painting & Cleaning
331
Trash Haul
154
Carpentry
$ 164
Laundry, Cleaning & Cleanup
542
Advertising
138
Yard Maintenance, Landscaping,
Grade and Fill
579
217
Repairs, Replacement,
Refurbishing
188
Total Other Expenses
$ 7,010
1,249
Less 62.5% personal &
business
4,381
TOTAL
$ 2,629
$ 3,878
Petitioners' computations show $ 3,878 to be deductible from their rental income. They mistakenly deducted $ 4,658, or $ 780 more than shown to be deductible from their computations.
Deductions are a matter of legislative grace and petitioners have the burden of proving that they are entitled to them. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Welch v. Helvering,supra at 115; Rule 142(a), Tax Court Rules of Practice and Procedure. *654 Little effort was made by petitioners to carry their burden. They repeatedly refused to organize their documents and to connect the cancelled checks with the alleged corresponding deductions. We have examined carefully the copies of petitioners' cancelled checks and the accompanying documents and have sought to connect the checks with the claimed deductions. Some of the deductions we were able to substantiate in their entirety, but for most of them we were unable to locate supporting documentation. This is not to say that such documentation may not have existed in some instances. It is simply to say that, in the absence of explanation by petitioners, checks payable to the order of Sears, Roebuck and Co., Lauderdale Lumber, Gold Triangle, Davis & Son, Tolco, Edna Reed, McCann Hardware, Yates, Eckert Drugs and Lindsley Homecare Center were not traceable and not sufficiently specific to support deductions. This is especially true in light of petitioners' burden of proof. After a thorough review of the checks and documents submitted by petitioners, we hold that the following amounts are properly deductible: Insurance: Petitioners' records indicate $ 280 in insurance expenses. We *655 were able to substantiate only $ 71 of such expenses paid with check No. 348 to National Flood Insurance. Property tax: Petitioners' calculations showed $ 565 in property tax. This amount was fully substantiated by check No. 479 which was payable to the order of Bowan County Revenue Collector in the amount of $ 564.82. Interest: Petitioners showed $ 3,683 in interest. We were unable to find a check substantiating payment for this amount. It is assumed that the bulk of this was interest on mortgage payments. Petitioners submitted a Mortgage Modification Agreement apparently entered into in June of 1976. The agreement showed an unpaid principal balance of $ 34,000 and presumably this accounts for the bulk of the $ 3,683 in interest. The interest rate on this balance was 8-1/2 percent and the interest was payable monthly. Petitioners did not state during trial whether they had made any interest payments during the 1977 taxable year. There was no check to substantiate such payments. However, petitioners' workpapers filed simultaneously with their 1977 Federal income tax return showed interest paid in the amount of $ 3,683 and the Mortgage Modification Agreement gives support *656 to the inference that the interest was paid. Accordingly, we will find that petitioners did pay $ 3,683 in interest during the year in issue. Pest control: The $ 20 that petitioners showed on their rental income statement was fully substantiated by check No. 349. Electric utility: The $ 887 in expenses for electricity was fully substantiated by checks submitted by petitioners. Water: The entire $ 222 in expenses was substantiated by checks payable to the order of City of Forst Lauderdale. Pool maintenance: Although several checks indicated disbursements for petitioners' pool, petitioners introduced no evidence that such payments were not capital in nature. According to section 263(a)(1), no deduction is allowed for amounts expended for new buildings or for permanent improvements in order to increase the value of such property. Petitioners bear the burden of proving that expenditures are currently deductible rather than capital in nature. Rodney v. Commissioner,53 T.C. 287, 319-320 (1969); Challenge Manufacturing Co. v. Commissioner,37 T.C. 650, 662 (1962). Here, they have failed to carry such burden. Even if it is assumed that such expenditures were not capital in nature, *657 petitioners have failed to establish that they were "ordinary and necessary" as is required for deductibility under section 162(a). Petitioners did not state at trial whether or not their tenants even had access to the pool. Therefore, we hold that petitioners have failed to sustain their burden with respect to the pool expenses and deny all deductions connected therewith. Roof painting and cleaning: Petitioners' documents showed expenses in the amount of $ 331 under this item. Petitioners failed to establish that such expenses were not capital in nature. They also failed to establish that the disbursements were ordinary and necessary to their rental operation as distinguished from the nonrental portion of the house. Therefore, we find that petitioners failed to carry their burden of proof with respect to the roof painting and cleaning. Trash haul: We were unable to find any checks substantiating payments of $ 154 for hauling trash. Petitioners introduced no testimony or other evidence with respect to such payments. Therefore, we must disallow the deduction taken under this category. Carpentry: Petitioners' alleged expenses included $ 164 for carpentry. Although there were *658 some checks indicating disbursements for lumber and carpentry, petitioners failed to prove that the work and materials were applied to the three rooms held out for rental purposes. Further, there was no evidence that such payments were not capital in nature. Therefore, we find that petitioners again failed to sustain their burden with respect to the claimed expenses. Laundry, cleaning and cleanup: Checks submitted by petitioners substantiated to our satisfaction $ 143 in cleaning expenses. Petitioners' statement, however, showed $ 542, an amount which was deducted in full. Since petitioners failed to prove that the cleaning expenses were limited to the rented portion of the house, we hold that the $ 143 proved by petitioners' checks must be apportioned between the business and personal portions of the house. Advertising: Petitioners deducted $ 138 for advertising. We can assume that these expenses were made in order to find tenants to rent room in petitioners' household. We were able to identify checks in the amount of $ 114 for advertising and allow deductions in full for that amount. Yard maintenance, landscaping, grading and filling: We have located 6 checks totaling $ *659 322 that substantiate expenses paid by petitioners for yard work. These expenses must be apportioned between rental and personal use. The amount allocable to rental use is deductible. Amounts paid for landscaping, grading and filling are not deductible since they are capital in nature. Repairs, replacement and refurbishing: Petitioners deducted $ 188 in expenses under this category. We were able to locate checks which fully substantiated such expenses. However, petitioners failed to prove that such expenses were not apportionable. Therefore, we hold that they must be apportioned between the business and personal portions of petitioners' house. [4]
In summary, we hold that petitioners have proved their deductible expenses as follows: Partly
Fully
Deductible [5] *660 Deductible
Insurance
$ 71
Property Tax
565
Interest
3,683
Pest Control
20
Electric Utility
887
Water
222
Pool Maintenance
0
Roof Painting & Cleaning
0
Trash Haul
0
Carpentry
0
Laundry, Cleaning & Cleanup
143
Advertising
$ 114
Yard Maintenance, Landscaping,
Grade and Fill
322
Repairs, Replacement,
Refurbishing
188
Total Other Expenses
$ 6,101
$ 114
Less 62.5% personal &
business [6]
3,813
TOTAL
$ 2,288
$ 2,402
B. Rental Depreciation Deductions
Petitioners claimed $ 2,179 in rental depreciation. A statement of depreciation accompanied petitioners' 1977 Federal tax return as follows: Description
Date
Cost
Depreciable
of Property
Acquired
Basis
Salvage
Basis
700 S.W. 4th
Place
1973
$ 61,000
$ 13,000
$ 48,000
Improvements
1973-74
6,883
6,883
Improvements
1974
6,831
6,831
Improvements
1975
4,620
4,620
Improvements
1976
500
500
Improvements
1977
4,717
4,717
Description
Prior
Depreciation
of Property
Allowance
Method
Rate
This Year
700 S.W. 4th
Place
$ 1,200
SL
40
$ 1,200
Improvements
689
SL
10
689
Improvements
505
SL
15
505
Improvements
462
SL
10
462
Improvements
50
SL
10
50
Improvements
SL
10
472
TOTAL
$ 3,378 The first item of depreciation was petitioners' home. This home was purchased in 1973 for $ 61,000. According to petitioners, *661 it had a salvage value of $ 13,000 with a resulting depreciable basis of $ 48,000 to be depreciated over a 40-year period. Petitioners, however, failed to allocate the cost basis between land and improvements. See Shainberg v. Commissioner,33 T.C. 241, 252 (1959). [7] Therefore, we must make such an allocation, Accordingly, using our best judgment and bearing heavily against petitioners, we allocate $ 20,000 to the land and $ 41,000 to the improvements. Thus, petitioners' depreciation allowance for 1977 is the apportioned fraction of $ 700. [8]
According to the general explanation of petitioners' tax return (which was attached to such return), other items depreciated by petitioners included a swimming pool, fencing, a deck, a seawell extension and landscaping. Petitioners, however, submitted no evidence during trial in substantiation of their expenditures for such alleged capital improvements. Moreover, petitioners did not prove that such improvements enhanced or furthered their rental operations. *662 We have no means of verifying the cost basis used by petitioners in their calculation, of ascertaining the salvage value of the unspecified improvements, and, because the improvements on the depreciation schedule were not specifically identified, of determining the proper usefull life of such improvements. Therefore, petitioners have failed to carry their burden of proof with respect to the depreciation deductions for the swimming pool, fencing, the deck, the seawall extension and the landscaping and they are denied in their entirety. The depreciation on the house is not deductible in full but must be apportioned between the business and personal uses of the house. Therefore, 3/8ths of the $ 700, of $ 263, is deductible as depreciation from petitioners' rental income. See International Artists, Ltd. v. Commissioner,55 T.C. 94, 104-105 (1970). C. Schedule C Writing Expenses
During 1977 petitioner Mrs. Allen engaged in the business of writing and filed a schedule C showing income therefrom. She reported $ 5,420 in income for the taxable year 1977. From this she deducted $ 5,178, giving her a net profit of $ 242. It is undisputed that Mrs. Allen used one of the eight rooms in *663 the house as an office for her writing business. Respondent, in his notice of deficiency, disallowed $ 2,992 of the deductions for writing expenses as follows: Items
Per return
Allowable
Adjustment
Depreciation
$ 422
$ 422
Taxes
71
71
Utilities
141
141
Upkeep
320
320
Insurance
35
35
Interest
460
460
Mileage
1,193
1,193
Other travel
350
350
Total Increase to Taxable
Income
$ 2,992
Many of these disputed items already have been resolved since they relate to expenses connected with petitioners' home. We found that $ 700 was the depreciation amount for the 1977 taxable year but that this amount must be apportioned between business and personal use. Since Mrs. Allen's office occupied one of the eight equal-sized rooms in the house, 1/8 of $ 700, or $ 88 is deductible in addition to the 3/8ths of $ 700, or $ 263, allocated to the rental activities. Check No. 479 fully substantiated the amounts alleged to have been expended for property taxes and therefore the $ 71 claimed by Mrs. Allen is fully deductible. One-eighth of the electricity and water is deductible by Mrs. Allen and therefore she is entitled to a deduction of $ 139. We were unable to identify checks substantiating the $ 320 deduction for "upkeep & *664 maintenance" and therefore must disallow this deduction since petitioners presented no evidence during trial in support thereof. One check was located that was paid for insurance in the amount of $ 71. One-eighth of this is $ 9 and this amount is deductible from Mrs. Allen's business income. We found that petitioners paid $ 3,683 in interest in 1977 on their home mortgage and 1/8 of this is deductible against Mrs. Allen's business income. Thus petitioners are allowed a $ 460 interest deduction. Petitioners claimed a mileage deduction of $ 1,193. In addition, petitioners claimed travel expense deductions consisting of tolls, motel bills and cost of meals in the amount of $ 350. These amounts were allegedly expended during business trips to such places as Tampa and Orlando. Mrs. Allen stated that she made the trips in order to collect material for her writing.
Travel expenses are subject to the strict substantiation rules of section 274(d). [9] *666 Petitioners have failed to satisfy either the "adequate records" requirements or the "corroborative evidence test" of section 274(d) as set out in section 1.274-5(c)(2) and section 1.274-5(c)(3)(iii), Income Tax Regs.; Dowell v. United States,522 F.2d 708 (5th Cir. 1975). *665 [10] Petitioners produced no account book, diary, statement of expense or other documentary evidence with respect to the claimed travel expenses and Mrs. Allen's uncorroborated testimony does not rise to the substantiation level mandated by section 274(d). Therefore, we must disallow these deductions in their entirety. [11]Sanford v. Commissioner,412 F.2d 201, 202 (2d Cir. 1969), affg. per curiam 50 T.C. 823 (1968), cert. denied 396 U.S. 481 (1969); Ashby v. Commissioner,50 T.C. 409, 414 (1968). To summarize, deductions for writing expenses are allowed as follows: Items
Per Return
Allowable
Adjustment
Depreciation
$ 422
$ 88
$ 334
Taxes
71
71
Utilities
141
139
Upkeep
320
320
Insurance
35
9
26
Interest
460
460
Mileage
1,193
1,193
Other Travel
350
350
$ 767
$ 2,223
D. Schedule C Sales Expenses
Petitioner Donald H. Allen deducted $ 675 as a mileage expense in his sales business. Respondent disallowed the claimed deduction for such expense on the assumption *667 that it was a travel expense not substantiated in accordance with section 274(d). We believe, however, that a mileage expense was incurred in Mr. Allen's sales business in the local delivery of goods. Such local delivery does not constitute a travel expense subject to section 274(d). Bearing heavily against petitioners' failure to offer testimony supporting the expense, we hereby allow a local transportation mileage deduction of $ 150. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). 3. Self-Employment Taxes
Petitioner Mrs. Allen was engaged in the trade or business of writing. Because Mrs. Allen was self-employed in this trade or business, she is subject to the tax on self-employment income as provided in sections 1401-1403. 4. Addition to Tax
Respondent determined an addition to tax due to negligence or intentional disregard to rules and regulations within the meaning of section 6653(a). Pursuant to section 6001, *668 petitioners have the duty of maintaining proper records of their income and expenses. Petitioners failed or maintain any records of rental income, and, lacking the assistance of petitioners, the Court found their records for expenses to be confusing and haphazard.
The burden of proof is upon petitioners to prove that the underpayment of taxes was not due to negligence or intentional disregard of the rules and regualtions. Enoch v. Commissioner,57 T.C. 781 (1972). Petitioners have made no attempt to carry their burden in this regard. Therefore, the addition to tax is sustained. See Smith v. Commissioner,66 T.C. 622, 651 (1976); Estate of Harrison v. Commissioner,62 T.C. 524, 535 (1974). Petitioners advanced a number of "legal" and constitutional arguments before, during and after trial. All of these contentions have been asserted unsuccessfully in the past the petitioners surely will not be surprised by our holding that such arguments continue to be frivolous and wholly without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). This Court bent over backwards during trial in an effort to encourage petitioners to present their case. Petitioners, obsessed with their *669 constitutional claims, for the most part ignored our advice. Their attitude during the entire case was was one of belligerence. Mrs. Allen displayed outrage at the recordkeeping requirements of her income-producing activities and at the fact that she was required to prove the amounts reported on her income tax return. Due to the petitioners' aforenoted intransigence, the Court's task was inordinately complicated.We have done all we can for them. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. In their return, petitioners took deductions for rental expenses in the amount of $ 4,658. However, they conceded during trial and in their brief that $ 3,878 was the proper figure and that the additional $ 780 resulted from a transpositional error.↩
2. We do not have sufficient evidence to decide whether respondent's rent estimate of $ 200 per month is excessive. If petitioners' property was beachfront propertry, it may well be that such estimate is fair or even generous. We have no way of knowing. Petitioners have the burden of disproving respondent's estimate. They did not even try.↩
3. Petitioners testified that the eight rooms in their house were all of equal size. Thus, 3/8ths of the stated expenses were allocated to the rental business.↩
4. See Sieg v. Commissioner,T.C. Memo. 1961-88↩.
5. Three-eighths of the listed expenses are apportionable to the rental activity. This is based on the conclusion that the eight rooms of the house were of equal size and that no personal use was made of the three rooms during their respective 1-month vacancies. Respondent did not contest petitioners' allocation. 6. We note here that the nonbusiness portion of the taxes remains deductible to petitioners under sec. 164 if they itemize their deductions.↩
7. See also Williams v. Commissioner,T.C. Memo. 1955-325; Hawkins v. Commissioner,T.C. Memo. 1955-110, modified on another issue, 234 F.2d 359↩ (6th Cir. 1956). 8. $ 41,000 - $ 13,000 / 40 = $ 700↩
9. Sec. 274(d) provides: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift.The Secretary may be regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. 10. The summary of writing expenses submitted by petitioners was not compiled at or near the time of the expenditure. See sec. 1.274-5(c)(2)(ii)(a↩), Income Tax Regs. 11. Petitioners also failed to prove that such expenses were "ordinary and necessary." Secs. 162(a) and 212.↩